Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 98 C 1153 | **DATE** | 8/10/2000 |
| **CASE TITLE** | Continental Assurance Co. vs. Linda Y. Davis and David K. Combes | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] A draft version of the court's memorandum opinion and order was inadvertently entered on January 11, 2000. Accordingly, the attached amended memorandum opinion and order is entered nunc pro tunc to January 11, 2000, in substitution of the earlier opinion. No substantive changes have been made in the opinion. The draft version originally entered on January 11, 2000, is ordered stricken from the record.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | AUG 11 2000 date docketed | 72 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING | |
| courtroom deputy's initials | | 00 AUG 10 PM 2: 24 | date mailed notice |
| | | Date/time received in central Clerk's Office | mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONTINENTAL ASSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LINDA Y. DAVIS and DAVID K. COMBES, ) <br> ) <br> Defendants. ) | No. 98 C 1153 <br><br> Judge Robert W. Gettleman |
| IN THE MATTER OF: ) <br> LINDA Y. DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DAVID COMBES, ) <br> ) <br> Defendant. ) | No. 98 C 4771 <br><br> Judge Robert W. Gettleman |
| LINDA DAVIS, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RELIANCE STANDARD LIFE INSURANCE ) <br> COMPANY, et al., ) <br> ) <br> Defendants. ) | No. 98 C 7186 <br><br> Judge Robert W. Gettleman |

DOCKETED
AUG 11 2000

## AMENDED MEMORANDUM OPINION AND ORDER

The present action is a consolidation of three suits in which three life insurance companies interplead to determine the rights of David Combes ("David"), Ashley Combes ("Ashley"), and Linda Davis ("Linda") in life insurance proceeds on the life of Brenda Combes, deceased ("Brenda"). Continental Assurance Company ("Continental"), Life Investors Insurance

Company of America ("Life Investors"), and Reliance Standard Life Insurance Company ("Reliance") deposited the total amount of the death benefits into the registry of the court and all were dismissed.

Linda and David (on behalf of himself and his and Brenda's daughter, Ashley) have filed motions for summary judgment. David has moved for summary judgement on all three policies, whereas Linda has moved for summary judgment only on the Reliance policy. In opposition to David's motion Linda attempts to introduce evidence of dishonesty by David to be used to weigh the credibility of David's deposition testimony and affidavits. David filed a Motion to Strike Inadmissible and Impeachment Evidence requesting the court to strike the credibility evidence offered by Linda.

For the reasons stated below both parties' motions for summary judgment are denied. David's motion to strike certain evidence is denied as moot.

## **Factual Background**

David alleges that prior to their marriage he and Brenda agreed to designate each other the beneficiaries on various life insurance policies. The only evidence that David has of this agreement is his own testimony. Just prior to their marriage Brenda changed the beneficiaries on her life insurance policy with Life Investors such that David was a 67% beneficiary and Linda, Brenda's sister, was a 33% beneficiary. At about the same time David increased the face amount of a policy he had with Equitable Life Assurance Society ("Equitable") from $100,000 to $200,000 and named Brenda the 50% beneficiary of the policy. Based upon these designations, at the time of marriage on February 12, 1994, Brenda and David were beneficiaries of $100,000 in death benefits in the event that the other spouse died unexpectedly.

2

In March 1995 Brenda and David purchased additional life insurance from Continental in face amounts of $50,000, naming each other as sole beneficiaries. In May of 1995 Brenda and David had a child, Ashley. In August of 1995 Brenda began working for NovaCare, Inc. ("NovaCare"), which offered its employees group life insurance through Reliance. Brenda chose to purchase the life insurance and named Ashley as the 95% beneficiary and Linda as the 5% beneficiary. In November 1995 Brenda completed and submitted a change of beneficiary designation form to NovaCare, making Ashley an 80% beneficiary and David a 20% beneficiary. Brenda and David placed their insurance documents into a safe deposit box at a local bank for safekeeping.

On or about August 16, 1996, Brenda submitted a form to change the beneficiary of her Continental policy to make Linda the sole beneficiary. The next month Brenda changed the beneficiary on her Life Investors policy making Linda the sole beneficiary. On September 1, 1996, Brenda submitted an undated and unsigned change of beneficiary form to NovaCare designating Linda as sole beneficiary.[1] The benefits coordinator in charge of Brenda's file, Linda Dean ("Dean"), entered the information from the form into NovaCare's computer files, and placed the actual change form into the paper file maintained on Brenda's benefits. Dean does not recall if she noticed the lack of signature at the time she entered the information into the computer. After Dean entered the change into NovaCare's computer she generated a document entitled "Confirmation of Your 1996 Flex Benefits Choices." The document bore a statement date of September 5, 1996, and indicated that Linda was the sole beneficiary of the policy. Dean

---

[1] Although the evidence is not conclusive that Brenda delivered the form to NovaCare, David does not contest such delivery and concedes that it "apparently occurred".

3

testified in her deposition that under standard procedure this document would have been mailed to Brenda. According to Linda, Brenda at some point called Linda to inform her of the changes making her the beneficiary and mailed her the policies along with other documents.

On December 27, 1997, Brenda died of heart failure due to dilated cardiomyopathy. David contacted Linda to inform her of Brenda's death. Linda accompanied David to the bank where the insurance documents were kept. Up to this point Linda had not mentioned to David that she had some of the insurance documents. When David opened the safe deposit box he discovered that Brenda's insurance documents were missing. On the next business day after Brenda's death David contacted NovaCare to inform them of her death. He also inquired about the documents that would be needed to collect the insurance proceeds. NovaCare informed David that the beneficiary listed in the file was Linda. NovaCare then prepared a letter to Linda informing her that she was the beneficiary of the Reliance life insurance policy. Afterwards, Linda on her own behalf and David, on behalf of himself and as guardian of Ashley, made separate claims for the proceeds of the Continental, Life Investors, and Reliance policies.

All three of the life insurance companies filed interpleaders in different courts. The cases were all transferred to this court and consolidated. Linda claims to be entitled to proceeds pursuant to her designation as the beneficiary under each of the policies. David's claim to the proceeds is twofold. As to the Reliance policy, David claims that he and Ashley are the last named beneficiaries because the September 1996 change was ineffective due to the lack of Brenda's signature. David's second argument, which applies to all three policies, is that he and Ashley are entitled to a constructive trust on the life insurance proceeds under the doctrine of promissory estoppel.

## Discussion

**Summary Judgment Standards**

A movant is entitled to summary judgment under Rule 56 when the moving papers and affidavits show there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 7548, 91 L.Ed.2d 265 (1986); Unterreiner v. Volkswagen of America, Inc., 8 F. 3d 1206, 1209 (7th Cir. 1993). Once a moving party has met its burden, the non-moving party must go beyond the pleadings and set forth specific facts showing there is a genuine issue for trial. Fed.R.Civ.P. 56(e); Becker v. Tenenbaum Hill Assoc., Inc., 914 F. 2d 107, 110 (7th Cir. 1990). The court considers the record as a whole and draws all reasonable inferences in the light most favorable to the party opposing the motion. Fisher v. Transco Services-Milwaukee, Inc., 979 F.2d 1239, 124) (7th Cir. 1992). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); Stewart v. McGinnis, 5 F. 3d 1031, 1033 (7th Cir. 1993). However, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L-Ed.2d 538 (1986). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." Anderson, 477 U.S. at 252.

**Linda' Motion for Summary Judgment**

Linda has moved for summary judgement with respect to the Reliance policy, arguing: (1) she is the last named beneficiary; and (2) ERISA preempts David' promissory estoppel claims.[2]

Linda makes her claims to the Reliance policy under the Employee and Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §1001 et seq. The Reliance policy was a group life insurance policy paid for by payroll deductions from NovaCare and is subject to ERISA regulation as a welfare benefit plan. Under the plan, Reliance is the fiduciary and NovaCare is the plan administrator. Both parties agree that the Reliance policy falls under ERISA and that Linda's claim as a beneficiary falls under 29 U.S.C. §1132(a)(1)(B).

Linda's claim of being the last named beneficiary of the Reliance policy rests upon the change of beneficiary form filled out by Brenda on September 1, 1996. The form was unsigned by Brenda, but delivered to NovaCare. Dean entered the information on the form into the computer and confirmed the change of beneficiary by sending out a notice to Brenda that showed the new beneficiary of the Reliance life insurance policy as Linda. Linda claims that the fact that the form was unsigned by Brenda does not prevent her from being the last properly named beneficiary of the policy, because: (1) the Plan does not require the signature; (2) Brenda did sign the form in a different spot; and (3) Brenda substantially complied with the requirements of Reliance in order to change the beneficiary.

Linda's first argument is not well taken. She argues that the Plan documents do not require a signature to be placed at any particular place on a change of beneficiary form because of a section in the Summary Plan Description ("SPD") entitled *"Who is my beneficiary under the plan?"* This

---

[2] For the sake of clarity the court will discuss Linda's claim of ERISA preemption as an opposition to David's claim below.

6

section reads in pertinent part: "You must identify your beneficiary by completing a Beneficiary Designation Form and returning it to the Benefits Department. *To change your beneficiary at any time you must complete and return a new Beneficiary Designation Form to the Benefits Department.*" (Italics in the original). The plan summary requires the form to be "complete". Brenda left blank spaces on the form at the places where her signature and date were required. Thus, it is uncontested that the change of beneficiary form was not completed. Moreover, as Linda herself notes in her motion, the controlling document for this issue is the insurance policy issued by Reliance. The pertinent language of the policy reads: "The beneficiary will be as named in writing by the Insured to receive benefits at the Insured's death. This beneficiary designation must be on file with us or the Plan Administrator and *will be effective on the date the Insured signs it.*" (Emphasis added). It is clear that a to be effective the form must be signed. Therefore, the policy requires a signed form in order to change the beneficiary.

Linda next argues that Brenda provided a signature on the form when she filled in the section on the form for "Name" in her own handwriting. "A signature is a writing or other mark that is placed upon an instrument for the purpose of authenticating it or giving it legal effect." Barron's Law Dictionary 475 (4th ed. 1996). Another common definition of a signature is found in the Restatement (Second) of Contracts: "The signature to a memorandum may be any symbol made or adopted with an intention, actual or apparent, to authenticate the writing as that of the signer." Restatement (Second) of Contracts §134. A person's signature does not have to be in any particular shape or form. The signature does not have to be in cursive writing. People v. Schumann, 120 Ill. App. 3d 518, 458 N.E.2d 182, 76 Ill. Dec. 43 (2d Dist. 1983). Under Illinois law it is not the manner in which a document was executed, but the intention of the person executing the document that

7

determines the validity of a signature. Estate of Zander v. Illinois Dep't. of Public Aid, 242 Ill. App. 3d 774, 611 N.E.2d 86, 183 Ill. Dec. 233 (4th Dist. 1993). Thus, Brenda's intent determines whether her name was meant to be a signature on the form.

There is no evidence in the record that Brenda intended to use her handwritten name as a signature. There is evidence in the record that Brenda has filled out numerous change of beneficiary forms for other insurance policies including a previous change of beneficiary of the Reliance policy. All of the previous change forms included Brenda's cursive signature on the "signature line" provided by the form. Brenda usually adopted the mark of her name written in cursive and placed her mark at the space indicated for a signature. The change of beneficiary form in question does not bear either of those two features. Linda does not point to any other evidence that might suggest that Brenda's use of her handwritten name in block letter placed upon the space for "Name" is intended to be Brenda's signature. Thus, it is clear that Brenda's intent in placing her name on the form was not to give the form legal effect. Therefore, the court concludes that the form required a signature, and that Brenda did not sign the form.

Linda further argues that even absent the signature, Linda is the rightful beneficiary because Brenda substantially complied with Reliance's requirements. There is a threshold issue of whether Linda's claim of substantial compliance is preempted by ERISA. ERISA preempts any state law that "relates to" a plan. It is undisputed that the Reliance policy is part of a plan. Thus, the question is whether the doctrine of substantial compliance "relates to" the Reliance policy. Two circuits have been faced with the question of whether substantial compliance is preempted by ERISA. See Phoenix Mutual Life Insurance Co. v. Adams, 30 F.3d 554 (4th Cir. 1994) (finding that ERISA preempts state law doctrine of substantial compliance); *compare* Peckham v. Gem State Mutual of

Utah, 964 F.2d 1043 (10th Cir. 1992) (finding that doctrine of substantial compliance does not modify an ERISA plan and is, therefore not preempted). District courts outside of the Tenth Circuit have found the reasoning of Phoenix Mutual to be the most persuasive. See Metropolitan Life Insurance Co. v. Hall, 9 F. Supp. 2d 560 (D. Md. 1998); Fortis Benefits Insurance Co. v. Johnson, 966 F. Supp. 987 (D. Nev. 1997); First Capital Life Insurance Co., v. AAA Communications, Inc., 906 F. Supp. 1546 (N.D. Ga. 1995). This court adopts the reasoning of Phoenix Mutual and finds that ERISA preempts the state law doctrine of substantial compliance.

Preemption means that ERISA or federal common law applies to Linda's claim of substantial compliance, and ERISA is silent on this issue. ERISA does not state what a fiduciary is to do when there is more than one claimant. When ERISA is silent the district court may apply federal common law to accomplish ERISA's goals. Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 110, 109 S. Ct. 948, 954, 103 L.Ed.2d 80 (1989); Phoenix Mutual, 30 F.3d at 559; Thomason v. Aetna Life Insurance Co., 9 F.3d 645 (7th Cir. 1993).

To prove substantial compliance under federal common law, the proposed beneficiary must establish: (1) the certainty of the insured's intent to change her beneficiary; and (2) that the insured took positive action to effectuate the change which, for all practical purposes, is similar to the action required by the change of beneficiary provisions of the policy. Phoenix Mutual, 30 F.3d at 565.

David does not contest that Brenda attempted to change her beneficiary. Moreover, Brenda's intent to change her beneficiary from Ashley and David to Linda can be inferred from a number of facts. Brenda delivered a completed form, with the exception of the signature and date, to the Plan administrator naming Linda as the sole beneficiary. Brenda correctly changed her beneficiary to Linda on the other two life insurance policies issued by Life Investors and Continental policies.

9

Brenda communicated her intent to change the beneficiaries to Linda in a phone conversation. Linda testified, and David does not seriously challenge, that Brenda took the Reliance policy and other documents out of the safe deposit box and delivered them to Linda via U.S. Mail. Although this evidence strongly suggests that Brenda intended to make Linda the beneficiary of the Reliance policy, such intent is not the only inference that can be drawn from those facts. For example, it is possible that Brenda, a sophisticated person who presumably knew that she had to sign the change of beneficiary form, intended not to complete the change at the time she handed in the form. It is not however, the province of this court to draw such inferences on a motion for summary judgment, particularly on issues like intent.

However, intent is only the first prong of the substantial compliance test. Intent alone is insufficient to make Linda the beneficiary of the Reliance policy. Brenda must have also taken positive action to effectuate her intent to make Linda the beneficiary. David argues that a form that is unsigned can not be the basis for substantial compliance when the policy requires a signature. In support of that argument David cites Navarro v. Dobbs, 456 S.W.2d 265 (Tex. Civ. App. 1970) (lack of signature on a beneficiary change form where the policy requires one cannot be substantial compliance). There is one fact that distinguishes this case from of Navarro, which is not binding on this court. NovaCare produced a confirmation statement of the change and mailed it out to Brenda. If Brenda received the statement showing Linda as her new sole beneficiary, then Brenda could have been led to believe that she had done all that was required of her to make the change. Because Dean testified that NovaCare's business practice is to mail this confirmation statement to any employee who made changes to the policy, and that Brenda was sent the statement showing Linda as beneficiary, the evidence raises a presumption that Brenda received the statement. See In re

10

Longardner & Assoc., Inc., 855 F.2d 455 (7th Cir. 1988) (citing Hagner v. U.S., 285 U.S. 427, 430, 52 S. Ct. 417, 418, 76 L. Ed. 861 (1932)). Further, Linda testified that Brenda gave the confirmation statement to her along with the policies in question. In order for Brenda to have given the form to Linda, Brenda had to receive it first. Thus, the undisputed facts demonstrate that Brenda received the statement.

David argues that the letter used to deliver the policies to Linda was dated prior to the statement generated by NovaCare. David implies that, perhaps, Linda came into possession of this document after this dispute arose. David' argument addresses only when Linda received the form, and does not rebut the presumption that Brenda received the form from NovaCare. Although David's position is weak and a bit far-fetched, it might be possible for a reasonable jury to find that Brenda knew her change of beneficiary form was defective and thus did not send the NovaCare statement to Linda. The court finds that David has raised (barely) sufficient contested facts to preclude summary judgment for Linda.

**David and Ashley's Motion for Summary Judgment**

A.  Reliance Policy

David and Ashley move for summary judgment on the Reliance policy under two different theories. (1) They are the last correctly named beneficiaries on the policy, and (2) even if Linda is the rightful beneficiary then the proceeds should be held in a constructive trust under theories of promissory estoppel.

David and Ashley's argument that they are the last named beneficiaries is now moot. The court has already ruled that there are issues of material facts as to Brenda's intent in submitting the form to NovaCare. Therefore, the court denies David's and Ashley's motion on those grounds.

11

The issue of the last named beneficiary does not end the inquiry. David also argues that promissory estoppel justifies a constructive trust from Linda in favor of Ashley and David. Linda argues that ERISA preempts David' state law promissory estoppel claims. David argues that the promise made by Brenda does not interfere with the administration of the plan and therefore should not be preempted. The court disagrees. If the beneficiaries of policies make agreements or contracts to designate beneficiaries and do not inform the plan administrator or fiduciary, then the administration of the plan, which provides the method of designating beneficiaries, will be affected. The life insurance company may be open to litigation or multiple liability to a named beneficiary and the contracted beneficiary. Thus, agreements to name a beneficiary of an ERISA life insurance policy relates to the plan, and ERISA applies. Metropolitan Life Insurance Co. v. Petitt, 164 F.3d 857 (4th Cir. 1998) (designation of beneficiary sufficiently relates to the plan to come within scope of preemption); Metropolitan Life Insurance Co. v. Pressley, 82 F.3d 126, 129 (6th Cir. 1996) (same); Equitable Life Assurance Society of the U.S. v. Crysler, 66 F.3d 944, 948 (8th Cir. 1995) (ERISA makes the determination of proper beneficiary a federal question); MacLean v. Ford Motor Co., 831 F.2d 723 (7th Cir. 1987) (ERISA preempts state statutes that govern the designation of beneficiaries). Because ERISA preempts David' claims, federal common law must supply the basis for his promissory estoppel claims. Equitable, 66 F.3d at 948 (ERISA does not prevent the alienation of welfare plan benefits). Therefore, ERISA does not prevent David' request for a constructive trust under a theory of promissory estoppel.

For David to succeed on his promissory estoppel claims he must show that: (1) Brenda knowingly misrepresented or concealed a material fact; (2) David, not knowing the truth, reasonably relied on that misrepresentation or concealment; (3) David suffered detriment; and (4) David had no

12

knowledge or convenient means of ascertaining the facts that would have prompted him to react otherwise. Krawczyk v. Harnischfeger Corp., 41 F.3d 276 (7th Cir. 1994).

Linda's most serious attack is thrust at the first prong of the claim. Linda contends that there was no clear promise made by Brenda to make David the beneficiary on the policies. In Linda's opposition brief she cites many instances where David was asked at his deposition what the agreement was regarding the purchase of the life insurance policies. There appear to be some inconsistencies regarding the promise. David's rebuttal to this argument is that he has always consistently stated that the agreement was there so that the children would be provided for in the event of an unexpected death. The inconsistencies in the deposition testimony present a material issue of fact.

Linda also argues that David did not suffer any detriment and that he had knowledge of Brenda's change of beneficiaries. First, Linda argues that David did not suffer a detriment because he did not pay for the insurance policies on Brenda's life. Brenda kept her own accounts and property, from which Linda argues the premiums for the life policies were paid. The Life Investors policy was billed to Brenda's American Express card, which she paid on her own. The Reliance policy premiums were deducted from Brenda's payroll and thus paid for exclusively by her. David denies these assertions by stating that there were many times that he would give Brenda cash to help her pay the insurance premiums.

Second, Linda argues that David had knowledge of Brenda's actions. Linda testified that David admitted to her that he was aware of Brenda's intent. Linda states that after David opened the safety deposit box and discovered the missing insurance documents he said, "She said she was going to do this and now she has done it". A jury could properly infer from this statement that Brenda told

13

David she was changing her beneficiary prior to her death. This would have destroyed David's reasonable reliance and provided him with knowledge of Brenda's misrepresentation such that he could have take precautions from being damaged. (e.g. changing his beneficiaries, or purchasing his own insurance on Brenda's life).

There are material issues of fact as to at least 3 of the four elements needed for a promissory estoppel claim under the Reliance policy. Thus, the court denies Ashley's and David's motion for summary judgment as to the Reliance policy.

B.  Continental and Life Investors Policies

David has also moved for summary judgment as to the Continental and Life Investors policies under the theories of promissory estoppel. This court has found that there is enough issue of material fact as to the existence and substance of any agreement between Brenda and David. That ruling applies equally to these two policies as well, even though these policies will be disposed of purely under Illinois law. Under Illinois law Brenda must make a clear and unambiguous promise in order for David to maintain a claim. In re: Schmidt, 292 Ill. App. 3d 229, 240 (4th Cir. 1997). Therefore, under Illinois law there is an issue of material fact compelling denial of David' motion.

**Motion to Strike**

Evidence of credibility is not appropriate to consider on a motion for summary judgment. Therefore, the court did not do so in considering this motion. Since the court did not consider such evidence David's motion is denied as moot.

## Conclusion

For the foregoing reasons, the parties motions for summary judgment are denied. This matter is set for status on January 25, 2000, at 9:00 a.m.

**ENTER:** **January 11, 2000**

_____
**Robert W. Gettleman
United States District Judge**